UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATANYA JENKINS, an individual; and TONY JENKINS, an individual,<br><br>                     Plaintiffs,<br>v.<br><br>TRISTAR PRODUCTS, INC., a Pennsylvania corporation,<br><br>                     Defendant. | Case No.:  20cv1637-LAB(KSC)<br><br>**ORDER FOLLOWING TELEPHONIC DISCOVERY CONFERENCE on 12/2/2021** |

    On December 2, 2021, the Court held a telephonic Discovery Conference with counsel to discuss the following three discovery disputes:

    ***1.    <u>Subpoenas Regarding Plaintiff's Medical Records.</u>***

    Defendant served plaintiff's medical providers with subpoenas for medical and billing records, but plaintiff objected that the subpoenas were overly broad, so no records were produced.  Based on the extent of plaintiff's alleged physical injuries, her claim for emotional distress damages, and the relevance of other medical conditions to liability and damages issues in the case, the Court finds that defendant is entitled to discover all medical and billing records from June 1, 2011 to the present.  Of course, these records may be produced subject to the parties' confidentiality Protective Order [Doc. No. 13].

1  Accordingly, defendant may re-serve plaintiff's medical providers with subpoenas for the
2  medical and billing records described above.  Plaintiff is to cooperate and provide
3  defendant with any written authorizations necessary to access or obtain copies of the
4  records.

5       2.    *Device Inspection.*

6       The Complaint alleges plaintiff was seriously injured when a pressure cooker
7  malfunctioned.  According to defendant, plaintiff's counsel is in possession of the
8  pressure cooker that was involved in the incident.  Defendant has been able to complete a
9  visual inspection and observed that the pressure cooker was cleaned after the incident and
10 some parts may be missing.  After conferring with an expert, defendant would like to test
11 the pressure cooker under controlled circumstances in a laboratory by filling it with
12 water, heating it up, and cooling it down.  Plaintiff objects, arguing that the proposed
13 testing may alter the condition of the pressure cooker for use as a key piece of evidence
14 in the case and would not be useful in re-creating the incident given its damaged
15 condition.  Instead, plaintiff argues that an exemplar should be used for testing.
16 However, defendant argues it would not be sufficient to use an exemplar, because the
17 condition of the pressure cooker involved in the incident is highly relevant to the case.
18 The Court finds that defendant's expert is entitled to complete the proposed testing in a
19 laboratory setting with appropriate safety precautions to prevent injuries.  Experts for
20 plaintiffs and defendant are to confer in advance regarding appropriate testing protocols.
21 Plaintiffs' expert may be present in-person during the testing.  Counsel may be present
22 for the testing in person behind a safety barrier or via video conferencing, and the testing
23 may be videotaped.

24      3.    *Kitchen Inspection.*

25      Defendant wants to inspect, measure, and photograph the kitchen where the
26 pressure cooker incident took place.  Plaintiff objects and wants to simply provide
27 photographs, because an in-person inspection would be burdensome and intrusive given
28 the pandemic and plaintiff's medical condition.  However, the Court finds it is reasonable

to allow defendant to complete an in-person inspection of the kitchen given its relevance in the case.  Appropriate precautions must be taken to protect plaintiff's health and privacy.  Accordingly, defendant may inspect, measure, and photograph and/or videotape the kitchen involved in the incident using a qualified investigator.  The investigator must wear clean gloves during the inspection and must also be masked and vaccinated against the COVID-19 virus.  The inspection must be pre-scheduled at a convenient time for plaintiffs.  Plaintiffs or plaintiffs' representative must provide entry to the investigator and wait quietly in a separate room while the inspection is completed.  Plaintiffs need not be in the home during the inspection, but if they are home, they must wait quietly in a separate room.  The stove and countertops must be clear enough to permit measuring and photographing.  Counsel may be present during the inspection using video conferencing technology.  Any surfaces touched during the inspection must be disinfected at the end of the inspection.

    IT IS SO ORDERED.

Dated:  December 2, 2021

Hon. Karen S. Crawford
United States Magistrate Judge